## West *v.* Asher.

PRACTICE.—*Parties.—Joint and Several Contract.*—Where suit was instituted on a joint and several promissory note against A. and B., and A. appeared, and, on his application, the cause was sent to another county, where the name of B. was struck from the docket by order of the court, and subsequently the case was remanded back to the county where it was instituted, and process was taken out against B., and at the next term of court, A. was defaulted and judgment rendered against him, and, on motion, the cause was renewed as to B. and continued, and, at the subsequent term B. appeared and moved to set aside the renewal as to him, which motion was overruled, and subsequently a default was entered against B. and judgment against him rendered thereon; *Held,* that there was no error in the proceedings against B.

APPEAL from the Hendricks Common Pleas.

DOWNEY, J.—Asher sued Hamrick and West on a joint and several promissory note. On the 18th day of January, 1870, Hamrick appeared and was ruled to plead.  On the 20th day of January, in the same year, he filed his answer,

and the plaintiff was ruled to reply. On the 21st day of the same month, the plaintiff filed his reply. On the 28th day of the same January, the plaintiff caused a summons to be issued against West, returnable at the next term, which was served by the sheriff on West on the same day; and on this day, on the application of Hamrick alone, the venue in the cause was changed to the Putnam Common Pleas. After one continuance of the cause in that court, on the 27th day of June, 1870, in term, the plaintiff moved the court for a default against West, which was refused. He then moved to have the cause continued as to West, which was also refused. The court then ordered that the name of West be stricken from the docket, as the clerk's entry states. It was then ordered, by agreement, that the cause be remanded to the Hendricks Common Pleas.

On the 29th of July, 1870, a transcript and the papers in the cause were filed in the office of the clerk of the Hendricks Common Pleas. On the 9th day of September, 1870, a new summons was issued by the clerk of the Hendricks Common Pleas, at the instance of the plaintiff, against West, who was stated to be impleaded with Hamrick, to appear on the second day of the next term to answer to the complaint of Asher; and this summons was served on West, by copy, on the 17th of September, 1870. At the next term of the Hendricks Common Pleas, on the 15th day of October, 1870, Hamrick made default, and judgment was rendered against him for the amount of the note. The plaintiff then moved the court to reinstate the case against West; and, on motion, the cause, as to West, was continued until the next term for notice. At the next term, on the 16th of January, 1871, West appeared and made his objection to the case being reinstated as to him, but his objection was overruled, and the case placed on the docket. West took his exception, and was ruled to answer on the next day. On that day, having failed to answer, he was defaulted, and final judgment rendered against him for the amount due on the note.

Counsel for appellant have assigned for error the action

of the court in ordering the case to be docketed against West, and in rendering judgment against him.

They insist that the cause was dismissed, as to West, while it was in the common pleas of Putnam county. It seems to us that this is a mistake. The record does not show a dismissal of the case, but only shows that the name of West was by that court ordered to be stricken from the docket of the court. There is, we think, a material difference in the two things. Assuming that, when the change of venue was ordered, on the application of Hamrick, the case, as to West, was also transferred to the common pleas of Putnam county, if the cause was not there dismissed as to West, he was yet a party to the suit, and in court when the case got back to the Hendricks Common Pleas, and no further notice to him was necessary.

But suppose the case was dismissed in the Putnam Common Pleas, as to West, as contended by his counsel, what objection was there to a renewal of the case against him, after its return to the Hendricks Common Pleas, by the issue and service of a new summons against him, requiring him to appear and answer the complaint with Hamrick? We can see none. It would be, in effect, a renewal of the action against him.

There was no objection, nor could there be any, to the rendition of separate judgments against the defendants. It is expressly authorized by the code, "in a suit against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." 2 G. & H. 218, section 369.

The judgment is affirmed, with ten per cent. damages and costs.*

*C. C. Nave* and —— *Nave,* for appellant.

*J. V. Hadley* and *J. S. Ogden,* for appellee.

*Petition for a rehearing overruled.