## EIKENBERRY & CO. v. EDWARDS.

1. **Change of Venue:** DISCRETION OF JUDGE: CHAP. 94, LAWS OF 1884: APPLICATION TO PENDING ACTIONS. Chapther 94, Laws of 1884, permitting affidavits to be filed in resistance of a motion for a change of venue on account of the prejudice of the judge, and vesting the court with a discretion in the matter, applies to actions which were pending when the statute was enacted, as well as to those since begun. Section 45, subd. 1, does not prevent such application.

2. **Former Adjudication:** SEPARATE TRIALS FOR SEVERAL DEFENDANTS. Where several alleged makers of a promissory note were made defendants in an action on the note, and one of them procured a separate trial for himself, *held* that nothing in the record of the trial as to the others could be relied on as *res adjudicata* on the separate trial of such defendant.

3. **Attorney's Fees:** CHAP. 185, LAWS OF 1880: AFFIDAVIT IN CASE OF EXISTING CONTRACTS. Chapter 185, Laws of 1880, regulating and limiting the amount of attorney's fees that may be taxed on written contracts stipulating for attorney's fees, applies wholly to contracts made after the passage of the act, and it is not necessary to file the affidavit required by § 3 of the act, in order to recover attorney's fees on a contract antedating the act itself.

4. **Pleading:** CONFESSION AND AVOIDANCE: PLEADING ESTOPPEL IS NOT. Where in an action on a promissory note defendant pleaded that his signature to the note was a forgery, and plaintiffs replied, averring that defendant's signature was genuine, and that he was by his acts and conduct estopped from denying it, *held* that this reply was not in the nature of a confession and avoidance of the answer, and did not change the issue as to the genuineness of defendant's signature.

*Appeal from Appanoose District Court.*

SATURDAY, MARCH 5.

ACTION upon a promissory note. There was a trial by jury, which resulted in a verdict and judgment for the plaintiffs. Defendant appeals.

*Geo. D. Porter* and *Henry L. Dashiell*, for appellant.

*T. B. Perry, Tannehill & Fee* and *T. M. Stuart*, for appellees.

ROTHROCK, J.—I. The following is a copy of the note upon which this action is founded:

"ALBIA, IA., July 18, 1878.

"Two years after date, for value received, we jointly and severally, as principals, promise to pay to the order of the Monroe County Bank twenty-five hundred dollars, with interest payable semi-annually, and if not paid when due, the note shall become due and collectable at once, and we also agree to pay reasonable attorney's fee if this note is collected by suit.     "T. S. THARP & CO.

         "D. M. MILLER.

         "LOUIS MILLER.

         "T. S. THARP.

         "HENRY MILLER.

         "J. A. EDWARDS."

The defendants T. S. Tharp & Co., and the defendant Edwards, filed separate answers in the case, denying the execution of the note, and claiming that the same was a forgery. T. S. Tharp & Co. was a partnership, and the firm also pleaded that the partnership was dissolved before the date of the note, and no one at that time had authority to bind the firm by a note. The issues having thus been made up, the defendant Edwards made an application to the court for a separate trial as to him. The application or motion was granted. The case against T. S. Tharp & Co. was first tried, and there was a verdict and judgment for the partnership. This verdict was based upon one of two grounds,— either that the note was a forgery as to the partnership, or that it was executed after the firm had dissolved, without proper authority, and therefore did not bind the firm. Afterwards the case was separately tried as to the defendant Edwards, and a verdict and judgment rendered against him. From this judgment he appealed to this court, and the judgment was reversed. See 67 Iowa, 14. The case was again tried, and there was a second verdict and judgment against Edwards, from which he now appeals.

After the cause had been remanded from this court for a new trial, the defendant made a motion for a change of venue, based upon the alleged prejudice of the judge of the district court. The motion was over-ruled, and complaint is made of this ruling. The defendant supported his application by affi-davits, and the plaintiffs filed counter-affidavits, and the court, upon the showing thus presented, overruled the motion. It was provided by section 2590 of the Code that, where either party to an action filed an affidavit, verified by himself and three disinterested persons not related to him nor in his employ as servant, agent, or otherwise, that the judge is so prejudiced against him that he cannot obtain a fair trial, the place of trial shall be changed. By the law, as it then was, the court was required to change the place of trial upon the filing of such affidavits. But, by chapter 94 of the acts of 1884, the Code was amended, so that the other party may file counter-affidavits, and the court or judge is required to decide whether a change shall be granted. It is not claimed by appellant that the court made an erroneous decision upon the question; but it is contended that, as this action was commenced before the statute was amended, the defendant had a vested or accrued right to have a change of venue upon filing the affidavits required by statute when the action was commenced.

*1. CHANGE of venue : dis-cretion of judge: chap. 94, laws of 1884: applica-tion to pend-ing actions.*

It is true, section 45 of the Code provides that the repeal of a statute does not affect any proceeding commenced under or by virtue of the statute repealed. It will be observed that the statute authorizing changes of the place of trial of actions is not repealed by chapter 94 of the acts of 1884. It is a mere amendment to the statute, prescribing that the party opposed to a change of venue may submit counter-affi-davits, and requiring the court to decide the question. It does not affect a vested right, and has no direct effect upon any pending suit. It is simply a new rule of practice, appli-cable to pending actions as well as those commenced after

the passage of the amendment. The amendment of the law requiring the court to determine the question according to the right of it, after permitting the other party to be heard, cannot be said to impair any right, or to prejudice the defendant in any respect.

II. The defendant offered in evidence the pleadings, one of the instructions of the court to the jury, the verdict of the jury, the judgment, and the evidence of jurors in the trial against T. S. Tharp & Co., as to their liability on the note in suit. All of this evidence was excluded. It is claimed that it should have been admitted, because it would have shown that the question as to the genuineness of the signature of the defendant to the note was adjudicated on that trial. It is very clear that the offered evidence was properly excluded. It would be a novelty in the law of former adjudication if a defendant in an action can procure a separate trial as to the issues between him and the plaintiff and then claim that the trial between the plaintiff and another defendant was an adjudication as to him. It is wholly immaterial what the instructions to the jury in the other trial were. The record shows affirmatively that the individual liability of the defendant was not, and under the order for a separate trial it could not have been, determined in the trial between the plaintiff and Tharp & Co.

*2. FORMER adjudication: separate trials for several defendants.*

III. It will be observed that the note provides that the defendants agree to pay a reasonable attorney's fee if collection is made by suit. The court permitted the plaintiffs to introduce evidence showing what would be a reasonable attorney's fee. The defendant claimed that the evidence was erroneously admitted, because no affidavit had been filed, as required by chapter 185, Laws 1880. That is an act regulating and limiting the amount of attorney's fees that may be taxed in suits on written contracts stipulating for the payment of attorney's fees. That act does not attempt to affect existing contracts.

*3. ATTORNEY'S fees: chap. 185, laws of 1880: affidavit in case of existing contracts.*

Eikenberry & Co. v. Edwards.

On the contrary, it expressly provides in the first and second sections, which fix the amount of the fee, that it shall apply to written contracts made after the taking effect of the act. It is true that, in section 3, which provides for the filing of an affidavit, it is not declared that the affidavits shall be required only in suits on contracts made after the taking effect of the act; but the whole scope of the act shows that none of its provisions were intended to be applicable to prior contracts. We think the court did not err in submitting to the jury the evidence in question.

IV. As we have said, the defendant denied that he signed the note, and claimed that it was a forgery. The plaintiffs 4. PLEADING. filed a reply, in which it was averred that, by the confession and avoidance: pleading estoppel is not. acts and conduct of the defendant, he was estopped from denying his signature to the note. In this reply the allegation of the petition that defendant signed the note was reiterated. The court instructed the jury that, in order for the plaintiffs to recover, they must find as a fact that the signature of the defendant was genuine. Counsel for the defendant insist that the reply was in the nature of a confession and avoidance; that it in effect admitted that the note was a forgery, and sought a recovery upon the ground of estoppel. It is urged that the execution of the note was not in issue, and that the court should have based the right to a recovery upon the estoppel, that being the issue between the parties. The real issue between the parties was the genuineness of defendant's signature. The matter pleaded as an estoppel was not an admission that the signature was a forgery. The defendant may have signed the note, and also his acts may have been such as to preclude him from maintaining a denial of the signature. The two propositions are not inconsistent. It may be that the acts were not such, and did not induce the plaintiffs to so act, as to constitute a technical estoppel; but the defendant's conduct may have been such in directing suit to be brought on the note, and in admitting that it was a valid

instrument, and the like, as to completely defeat his defense of forgery. By section 2666 of the Code, the plaintiff in an action is authorized to set up in a reply "any new matter, not inconsistent with the petition, constituting a defense to the matters alleged in the answer."

V. Numerous other objections are made to rulings of the court upon the admission and exclusion of evidence pending the trial. We have examined these objections, and, without setting them out in detail, will say that they do not appear to us to be well taken. They relate to matters of minor consideration in the case, and in no way involve questions affecting the merits of the controversy, and most of them are so extremely technical as to require no consideration.

In our opinion, there is no good reason for disturbing the judgment of the district court.

AFFIRMED.