TOBIN v. THE WESTERN MUTUAL AID SOCIETY.

1. **Pleading**: DENIAL AND PLEA OF WAIVER TO SAME AVERMENTS. A party may in reply both deny averments set up by way of defense, and plead a waiver of the same alleged facts—such pleas not being necessarily inconsistent. (*Eikinberry v. Edwards*, 71 Iowa, 82, followed.)

2. **Life Insurance**: FAILURE TO PAY ASSESSMENT: BURDEN OF PROOF. In an action upon a certificate of membership in a mutual aid society, where the society sought to avoid liability on the ground that the member had failed to pay an assessment stipulated in the contract, *held* that the society had the burden to establish such failure, notwithstanding the plaintiff, in general terms, had alleged compliance with the contract.

3. ——: ——: WAIVER BY DEMANDING AND RETAINING SUBSEQUENT DUES. Where a member of a mutual benefit society forfeited his membership by failing to pay an assessment, notice of which was mailed to him, but possibly not received, *held* that the demand, receipt and retention by the company of subsequent dues amounted to a waiver of the forfeiture, even though no waiver was intended by the company. (*Bailey v. Mut. Ben. Asso.*, 71 Iowa, 689, followed.)

4. ——: ASSESSMENT PLAN: REMEDY ON CERTIFICATE: PRACTICE ON APPEAL. Although, as matter of law, substantial damages cannot be recovered on a certificate of membership in a mutual benefit association, which promises to pay the beneficiary the proceeds of an assessment, (see *Newman v. Covenant Mut. Ben. Asso.*, ante., p. 242, and cases there cited,) yet where, on the appeal of such a case to this court, it is expressly stipulated that, if the court finds no other error, it may remand the cause, with instructions to enter a judgment directing the company to make an assessment, and to pay the net proceeds, whatever they may be, not exceeding the amount named in the certificate, to the beneficiary, such order will be made accordingly.

*Appeal from Lucas Circuit Court.*

❀ WEDNESDAY, JUNE 29.

THIS is an action upon a certificate of membership issued by defendant to one Cecilia Tobin, wife of the plaintiff, who

is the beneficiary. The defense is based on the failure of said member to pay certain assessments in the year 1884. The plaintiff, by reply, denied such failure, and alleged that in March, 1885, the defendant demanded and received from said member the annual payment falling due April 1, 1885, and still retains the same, and thereby waived the alleged prior breaches. Trial was had to a jury, and verdict and judgment were rendered in favor of plaintiff, and defendant appeals.

*Dungan & Leech* and *W. E. Miller*, for appellant.

*T. M. Stuart*, for appellee.

ADAMS, CH. J.—I. The appellant contends that the effect of the reply wherein the plaintiff pleaded a waiver or estop-

1. PLEADING: denial and plea of waiver to same averments. pel was to admit the alleged failure to pay assessments, and that the court erred in submitting such question of failure to the jury, and in support of this doctrine relies upon *Meadows v. Hawkeye Ins. Co.*, 62 Iowa, 387. But the pleading of a waiver or estoppel is not necessarily inconsistent with a denial of the facts pleaded in the answer as a defense, and we see no reason why plaintiff could not both deny the alleged failure to pay assessments, and also plead subsequent acts of the company which would prevent it from availing itself of such failure, if any there was. Especially would this be true where, as in this case, the alleged breaches of the contract might have occurred without any actual notice to the person in default. This exact point is practically passed upon in *Eikenberry v. Edwards*, 71 Iowa, 82.

II. The appellant claims that the court below erred in instructing the jury that the burden was upon defendant to

2. LIFE insurance: failure to pay assessment: burden of proof. establish the alleged failure of plaintiff to pay assessments. While plaintiff pleaded, in general terms, a compliance with the contract, the defendant in its answer set up as a defense the failure of said Cecilia

Tobin to pay certain specified assessments. We think this was an affirmative defense, and that the burden was upon defendant to establish the same. It depends upon the defendant's own acts, and upon facts which might be solely within its own knowledge. To sustain the defense it was only necessary to show that the company had made an assessment upon the member in question, and mailed to her notice thereof, and that the same had not been paid; no actual notice being required. We do not think the plaintiff was required to show afterwards that "no such default had occurred." In the case of *Hodsdon v. Guardian Life Ins. Co.*, 97 Mass., 144, (147,) in respect to a similar contract, the court say: "The burden of proving a breach of this executory stipulation, and an avoidance of the policy, by non-payment of one of the premium notes, was upon the defendant."

III. Certain instructions, of which appellant complains, were given by the court below as to the defendant's alleged

3. ——; ——; waiver of the failure to pay assessments by its
waiver by de-
manding and subsequent demand, receipt and retention of
retaining sub-
sequent dues. annual dues. Under the uncontradicted testimony, however, we think the instructions were fully as favorable to defendant as the evidence justified. While there was evidence tending to show that notices of assessments were mailed in 1884 to Mrs. Tobin, which remained unpaid, there was no evidence that she received such notices, but positive testimony of plaintiff that prompt payment was made of all assessments of which notice was received. In March, 1885, the mailing-book of the defendant showed that Mrs. Tobin's name had been stricken off, but her name still remained on the "annual dues register;" and the clerk, taking her name from such register, and failing to examine the mailing-book, sent the usual notice, in March, 1885, to Mrs. Tobin, to pay her annual dues payable on the 1st of the next month. The money was promptly sent, and by the secretary of defendant credited to Mrs. Tobin's policy. The secretary states that

the company did not discover the mistake in regard to the receipt of this money until the death of Mrs. Tobin in the following October; and, after this suit was brought, the money was paid into court for plaintiff.

The defendant introduced what appears to be the usual form of notice to members to pay annual dues, which contains the following statement: "Your regular annual dues of five dollars are due and payable at this office prior to April 1st next. We trust you are sufficiently interested to promptly meet this payment before maturity, so as to fully sustain your membership, and not forfeit any of the benefits promised under your certificate." Under the uncontradicted testimony, we think that it appeared that the alleged forfeiture had been waived by the company. The fact that the company, in receiving and retaining the money, did not know of the previous grounds of forfeiture, or intent to waive the same, is not material. "It is not the intention of the insurer, but the effect upon the insured, which gives vitality to the estoppel." (May, Ins., § 507.) As is said in *Bailey v. Mut. Ben. Asso.*, 71 Iowa, 689: "The defendant received and held the money until after the death of the deceased, and he had a right to regard the contract as in force, regardless of any intention of the defendant to the contrary." The alleged forfeiture by reason of non-payment of assessments occurred, if at all, in 1884. The annual dues, by the terms of the certificate, did not become due until the April following. The collection of such dues, and the assurances contained in the notice, reasonably justified Mrs. Tobin and the beneficiary in believing the certificate to be in force, and that all past requirements had been complied with or waived. By the exercise of the slightest diligence, the defendant could have ascertained the alleged failure of Mrs. Tobin to pay assessments, and, by the return of the money collected during the months intervening before her death, prevented her from being lulled into security by the misleading acts of the company.

IV. The only other question requiring our attention is as to the form of the proceeding and of the judgment to enforce a certificate like the one in question, by which the company undertakes to pay " the net proceeds of one full assessment at schedule rates upon all contributing members at date of such assessment * * * to an amount not exceeding two thousand dollars." As we have held in *Rainsbarger v. Union Mut. Aid Asso.*, *ante*, 191, and *Newman v. Covenant Mut. Ben. Asso.*, *ante*, 242, a certificate in the above form does not justify a judgment for the maximum amount, but, as it has been expressly stipulated in this case that, if the court finds no other error, it may remand the cause, with instructions to enter a proper judgment directing said defendant to make the proper assessment for the payment of the $2,000 named in the certificate, or so much thereof as the collection may justify, it is so ordered.

REVERSED.

4. ——: assessment plan: remedy on certificate: practice on appeal.