Argued March 30, decided May 10; rehearing denied June 28, 1910.

## BENBOW v. THE JAMES JOHNS.

[108 Pac. 634.]

MECHANICS' LIENS—PROPERTY SUBJECT TO LIEN—PROPERTY OF QUASI PUBLIC CORPORATION.

1. The property of a *quasi* public corporation affected with a public use and necessary to the performance thereof is not, as a general rule, subject to a mechanic's lien.

MECHANICS' LIENS — PROPERTY SUBJECT TO LIEN — QUASI PUBLIC PROPERTY.

2. The rule that the property of a *quasi* public corporation affected with a public use and necessary to the performance thereof is not subject to a mechanic's lien applies only so far as the property has become entirely the property of the corporation divested of specific liens, and a lien for the construction of the property acquired by the corporation exists.

MECHANICS' LIENS — PROPERTY SUBJECT TO LIEN — QUASI PUBLIC PROPERTY.

3. A mechanic's lien is created by law and attaches as soon as the labor or material is furnished, and it is not dependent on any subsequent condition, express or implied.

MARITIME LIENS—PROPERTY SUBJECT TO LIEN—QUASI PUBLIC PROPERTY.

4. One furnishing labor and materials for the construction of a vessel, built for a corporation having a franchise to operate a ferry across the Willamette River, may enforce a lien against the vessel, though it was constructed with the intention that it should be used as a ferryboat, and though it was used as a ferryboat, because the subject-matter of the lien is a detached piece of personal property, which previous to the attachment of the lien thereon had not been used as a part of the public franchise, and because the consideration of the lien is, in substance, a part of the purchase price.

MARITIME LIENS—ENFORCEMENT—JURISDICTION—STATUTORY REMEDIES.

5. The jurisdiction of a State court to enforce a lien on a boat depends on whether the debt on which the lien is based is in fact for material and labor used in its construction, as distinguished from the repair of a boat while in use, and one seeking in a State court to enforce a lien against a boat must allege and prove that the subject-matter of the lien was in fact the construction of the boat at the time the lien attached.

MARITIME LIENS—ENFORCEMENT—STATUTORY REMEDIES.

6. Where one seeking to recover for work and materials used in the construction of a vessel joined, in one action, the vessel, the owner, and the contractor, under Section 61, subd. 3, B. & C. Comp., authorizing the taking of judgments against any or either of defendants severally, etc., he could take a nonsuit as to the vessel and the owner and recover a judgment against the contractor, and then afterwards enforce his lien against the vessel.

PARTNERSHIP—CONTRACTS—PARTIES BOUND.

7. The contracts of a firm are the contracts of each member thereof, and each is personally liable thereon, and an averment that a partner for himself and the firm contracted with a third person is not inconsistent with the averment that the latter contracted with such partner.

MARITIME LIENS—LOSS OF LIEN.

8. The lien of a subcontractor given by Section 5706, B. & C. Comp., making every vessel subject to a lien for all debts due to persons by virtue of a contract, expressed or implied, etc., is not extinguished by the taking of a judgment against the contractor, but the payment of the debt by satisfaction of the judgment is the only thing that will extinguish the right to enforce the lien against the vessel.

MARITIME LIENS—ENFORCEMENT.

9. The right of action against a vessel, the owner, contractor, or subcontractor, for labor and materials furnished in the construction of a vessel, are not joint, but several, for that against the vessel is *in rem,* and that against the owner, contractor, or subcontractor is *in personam,* and the claimant may pursue his remedy against the vessel and against the owner separately.

MARITIME LIENS—ENFORCEMENT.

10. Section 5708, B. & C. Comp., providing that any person having a demand for services rendered in the construction or repair of a vessel, etc., may, instead of proceeding for the recovery against the master, owner, agent, or consignee of the vessel, commence, at his option, an action against the vessel by name, etc., does not preclude a subcontractor from enforcing his lien against a vessel merely because he obtained a judgment against the contractor who is not an owner, master, agent, or consignee.

JUDGMENT—RES JUDICATA—IDENTITY OF PARTIES.

11. Judgments are conclusive evidence of facts only as between parties and privies to the litigation, and a former adjudication is no bar unless the parties thereto are the same as those in the subsequent proceeding, and, where a vessel was not a party to the judgment against the contractor to construct it because the action against the vessel was dismissed, the vessel was not bound by anything adjudicated in the action against the contractor.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE SLATER.

This is an action by Charles A. Benbow to enforce, under the boat lien law of this State, a lien against the

ferryboat, James Johns, for material and labor used in its construction by Bilyeu & Herstel, contractors of the owner, the St. Johns Transportation Company, a corporation. The labor and material are alleged to be of the agreed price of $1,512.99, which became due July 7, 1907, and has not been paid. An action was brought first against the boat, the owner, and David Herstel, one of the firm of Bilyeu & Herstel, contractors, to recover the price of the work and material. Herstel not answering, a personal judgment by default was entered against him for the amount of the alleged debt. Subsequently, the case coming on for trial upon the answer of the St. Johns Transportation Company, the plaintiff, not being permitted to amend its complaint, applied for and was granted a nonsuit. Thereafter plaintiff brought this action against the boat to enforce the lien, a warrant was issued, and the boat seized. The St. Johns Transportation Company, as owner of the boat, appeared, filed an undertaking with sufficient surety conditioned to satisfy the amount which may be adjudged to be due and owing plaintiff, and secured the release of the boat, and thereupon answered, denying the material averments of the amended complaint, setting up four separate special defenses, which, briefly stated, are substantially as follows: First, that the boat was specially constructed by the corporation to meet the requirements of a contract which it had made with the city of St. Johns to construct and operate a ferry between the foot of Pittsburg Street in that city and across the Willamette River to the opposite shore thereof. The contract is in the form of an ordinance of the city, granting a franchise to the St. Johns Transportation Company for operating such ferry under certain specified conditions and penalties, with a reservation to the city of a percentage of the earnings of the boat when in operation, and an option to purchase it at the end of a fixed period of time. It is averred that

the boat was being constructed with the special object of fulfilling this contract, and that it is required for the accommodation of the public, is necessary to the owner in carrying out its contract with the city, and, by reason of the character of public use attached thereto, is not subject, for reasons of public policy, to the statutory lien. Second, that the former action and judgment therein against David Herstel is an adjudication of the facts alleged therein, as to the party with whom plaintiff contracted when furnishing the labor and material, and that such adjudications estops plaintiff from now alleging a different state of facts. Third, that the former action and judgment against David Herstel is an extinguishment of a right to a lien, and the claim on which it is based being merged in the judgment, which, it is contended, will not support a lien. Fourth, that the former action and judgment therein against Herstel is a waiver of his right of lien by an election as to the remedy. A general demurrer was interposed to each of these separate defenses, which, being overruled, plaintiff further declined to plead, whereupon judgment was entered dismissing the complaint, and releasing and discharging the boat from arrest, and the parties from liability on their undertaking, from which judgment the defendant has appealed.

REVERSED.

For appellant there was a brief over the names of *Mr. William C. Benhow* and *Mr. Cicero M. Idleman,* with an oral argument by *Mr. A. E. Clark.*

For respondent there was a brief over the names of *Messrs. Platt & Platt* and *Mr. George J. Perkins,* with oral arguments by *Mr. Perkins* and *Mr. Harrison G. Platt.*

MR. JUSTICE SLATER delivered the opinion of the court.

1. It is sought by the first separate defense to resist plaintiff's right to a lien, on the ground that the boat is

the property of a *quasi* public corporation, is necessary to the carrying out of the public purpose for which the corporation was established, and, therefore, impressed with a public use. As a general rule the property of a *quasi* public corporation, affected with a public use and necessary to the performance thereof, is not subject to a mechanic's lien. 27 Cyc. 26; Am. & Eng. Enc. Law (2ed.) 296.

2. As to what constitutes a *quasi* public corporation, and as to when the property of such a corporation is affected by a public use, the cases are not in entire harmony. But it is strongly urged by the corporation that it is a *quasi* public corporation, although its corporate powers are not alleged. It says it has contracted with the city to operate the ferry in question for the accommodation of the public; that the public is to be greatly accommodated thereby, and has an interest in an uninterrupted operation of the ferry; that the city is to receive a percentage of the tolls collected; that the owner is under penalty for failure to furnish and operate the boat; and that if the lien is allowed to attach, and the boat ordered sold, the company will be renedered unable to subserve the interest of the public under its franchise, and be subjected to the penalty imposed by its contract. Whatever merit there may be in the doctrine of law relied upon to support this contention, we are clearly of the opinion that it cannot have such an unlimited application as to include the facts of this case. There is sound authority for saying that it cannot be applied at all, except so far as the property has become entirely the property of the company, divested of specific liens. When that has been accomplished, there may be reason in saying that a general creditor may not levy on or sell a part of the property of a company, which property is necessary to the carrying out of its assumed obligations to the public. That is one thing; it is an entirely different thing to say that

such a lien shall not attach, when the company, by the very act of acquiring a particular article of personal property, creates either by contract, or by force of law, a specific lien in favor of the vendor or manufacturer, or would create it, unless hindered by public policy: *Hill* v. *La Crosse & M. R. R. Co.*, 11 Wis. 215; Phillips, Mechanics' Liens (3 ed.) § 182.

It has also been held that the rule does not apply to the property of a public corporation when a mechanic's lien has attached to the property while it belongs to private individuals, and is afterwards conveyed to a city; but in such case the city takes the property subject to the lien: *City of Salem* v. *Lane & Bodley Co.*, 90 Ill. App. 560, affirmed 189 Ill. 594 (60 N. E. 37: 82 Am. St. Rep. 481). In *Briggs* v. *Lightboats*, 11 Allen (Mass.) 157, three lightboats were being constructed by one Andrews, under an agreement with the United States government, to be constructed and equipped according to certain specifications and to the satisfaction of an officer of the government, and to be delivered for a gross sum, payable on delivery and presentation of a certificate of approval by the inspecting officer. After the boats had been received, and Andrews had been paid the contract price, without any knowledge by the government of plaintiff's lien, the boats were seized under an action brought in the court of the State of Massachusetts for a materialman's lien. It was held that the lien was valid, and that the boats were taken subject to the lien; but, as the government was not subject to be sued in a state court, the plaintiff could not enforce the law in such court. And in *The Siren*, 7 Wall. 152 (19 L. Ed. 129), it was held that a prize ship, in charge of a prize master and crew, having collided with and done damage to the vessel of a private citizen, the latter had a valid lien upon the proceeds derived from the sale of the prize vessel, and that the claimants were entitled to have their damages assessed and paid there-

from, although title to the prize ship was afterwards adjudged to be in the United States.

3. The complaint states that the labor and material sued for were furnished by plaintiff between December 28, 1906, and July 1, 1907, upon a contract executed December 27, 1906, with David Herstel for himself alone, and for and on account of the partnership firm of Bilyeu & Herstel, the original contractors with J. T. Peterson, P. J. Peterson, and John Smith, copartners as Peterson Bros. & Smith, who were then the owners of the boat; that about January 29, 1907, the two Petersons and Smith incorporated as the St. Johns Transportation Company, and in February following transferred the ownership of the boat to the corporation, which ratified and confirmed the previous acts of the partnership, relating to the construction of the boat, and thereafter contracted with Bilyeu & Herstel for other and different construction work and material to be used in the boat. The ordinance granting the franchise was approved by the mayor of St. Johns on January 22, 1907, and within thirty days thereafter the St. Johns Transportation Company filed with the city recorder its acceptance of the franchise.

It is not averred in the answer that, at the time plaintiff's alleged lien attached, the boat was or had been in use as a ferryboat, under the franchise granted to the St. Johns Transportation Company, but that it was being built and completed in compliance with the ordinance granting the franchise, and was intended to be operated under the terms thereof; and that it was being so used at the time of filing the answer. The lien is created by the law, and attaches as soon as the labor or material is furnished, and is not dependent on any subsequent condition, expressed or implied: *The Victorian*, 24 Or. 121, 139 (32 Pac. 1040: 41 Am. St. Rep. 838) ; *Dorr* v. *Waldron*, 62 Ill. 221, 225. The answer, therefore, does not aver that the boat in question was in fact impressed with

a public use as a ferryboat at the time the lien attached, but only that it was being constructed with an intention on the part of its owner to use it in that capacity in the future, of which intention and purpose the plaintiff had knowledge.

4. The fact that after the lien attached the boat was used as a ferryboat would not prevent plaintiff from enforcing his lien, because the subject-matter of the lien is a detached piece of personal property, which previous to the attachment of the lien thereon had not been used as a part of the public franchise pleaded, and because the consideration of the lien is, in substance a part of the purchase price thereof.

5. The jurisdiction of the state court to enforce a lien upon a boat depends upon whether the debt on which the lien is based is, in fact, for material or labor used in its construction, as distinguished from the repair of a boat while in use. *The Victorian,* 24 Or. 121, 139 (32 Pac. 1040: 41 Am. St. Rep. 838). Therefore, before plaintiff could enforce the lien, he must allege and show that the subject-matter of the lien was in fact being constructed for a boat at the time the lien attached. It could not, therefore, be affected or impressed with a public use under the franchise granted by the city ordinance, unless it had previously been used in such public capacity. The first separate answer is, therefore, subject to the demurrer.

6. In support of the second separate answer, it is urged that, by taking judgment against David Hertsel in the former action, it was adjudicated that the labor and material sued for was furnished at the request of David Hertsel, because it was so alleged in the complaint; and that by reason thereof plaintiff is now estopped from averring in this complaint that the same labor and material were furnished to the firm of Bilyeu & Hertsel. No estoppel by former adjudication could arise therefrom for two reasons:

First, it appears that the former action was dismissed

as to the boat on plaintiff's motion, and it is not, therefore, a party to the judgment in that action. The rights of action against the boat and against the owner, contractor, or subcontractor, are not joint, but several. That against the boat is *in rem,* and that against the owner, contractor, or subcontractor is *in personam.* The weight of authority seems to sustain the proposition that the remedy against the vessel and the remedy against the owner cannot be united or enforced in the same action. Certainly no case has been cited, or found by the court, disputing the right of the claimant to pursue them separately: *Providence Washington Ins. Co.* v. *Wager* (D. C.) 35 Fed. 364. And although they should be considered as capable of being joined in one action, and treated as joint and several causes of action, still a voluntary nonsuit may be taken as to one, and a judgment recovered as to the other (Section 61, subd. 3, B. & C. Comp.), and afterwards an action may be maintained against the one as to whom a voluntary nonsuit had been taken: 23 Cyc. 1243; *Handley* v. *Jackson,* 31 Or. 552 (50 Pac. 915: 65 Am. St. Rep. 839); *Parks* v. *Dunlap,* 86 Cal. 189 (25 Pac. 916); *Hamill* v. *Ward,* 14 Colo. 277 (23 Pac. 330); *West* v. *Asher,* 38 Ind. 291; *James* v. *Leport,* 19 Nev. 174 (8 Pac. 47); *Eikenberry* v. *Edwards,* 71 Iowa 82 (32 N. W. 183). Judgments and decrees are conclusive evidence of facts only as between parties and privies to the litigation; and, in case of a former adjudication set up in defense, it is no bar, unless the parties to the first judgment are the same as those to the second proceeding. 2 Black, Judgments (2 ed.) § 534. The defendant boat was not a party to the judgment against Herstel, and is not bound by anything adjudicated in the action of which the judgment is the final result. When the action was dismissed as to the boat, it was as if no action had been brought against it.

7. Second, the matter now said to be inconsistent is not so in fact. David Herstel is alleged to be one of the

firm of Bilyeu & Herstel. All contracts of the firm are contracts of each member of the firm; that is each member of the firm is personally liable for the partnership obligations. It is now alleged that the owners of the boat contracted with Bilyeu & Herstel for the construction of the boat, and that David Herstel, one of the firm, for himself and Bilyeu & Herstel, contracted with plaintiff in reference to the matter. This is not inconsistent with the averment in the former action that plaintiff contracted with David Herstel, and hence no estoppel by adjudication could in any event arise.

8. The third defense amounts to this: That whatever right plaintiff had to a lien was extinguished by taking judgment against Herstel. It is argued that the statute contemplates a lien based upon an account, and not on a judgment; but such is not the purport of the statute. The lien is given "for all debts due to persons by virtue of a contract, expressed or implied," etc. Section 5706, B. & C. Comp. The proceeding is for the purpose of subjecting the security to the payment of the debt. It would seem upon principle and authority that nothing other than the payment of the debt by satisfaction of the judgment would extinguish the right to enforce the claim against the security: *Marean* v. *Stanley*, 5 Colo. App. 335 (38 Pac. 395) ; *Kirkwood* v. *Hoxie,* 95 Mich. 62 (54 N. W. 720 : 35 Am. St. Rep. 549) ; *Anderson* v. *Huff,* 49 N. J. Eq. 349 (23 Atl. 654).

9. The fourth defense is practically the same as the third. It is that the plaintiff had the right to but one of two remedies; an action *in personam* against the person contracting for the work and material, and one *in rem* against the boat.

10. The above contention is based upon a construction of the following words of the statute: "Any person having a demand as aforesaid, instead of proceeding for the recovery thereof against the master, owner, agent, or

consignee of the boat or vessel, may, at his option, commence an action against such boat or vessel by name." Section 5708, B. & C. Comp. Particular emphasis is laid upon the words "instead of" and "at his option." If Herstel, against whom plaintiff obtained judgment, came within the class of persons named in the section of the statute above quoted, the question presented would be difficult to overcome; but he was not the master, owner, agent, or consignee of the boat or vessel. It is argued that the liability of the vessel is made to rest upon the theory of agency, and that Herstel, in contemplation of the law, is an agent; but it will be noticed that in declaring the lien Section 5706 of the statute makes use of these words: "For all debts due to persons by virtue of a contract, expressed or implied, with the owners of a boat or vessel, or with the agents, contractors, or subcontractors of such owner." Here contractors and subcontractors are expressly mentioned as a class distinct from the agents, and there is nothing in the statute to indicate that it was intended that they should be considered as agents of the owner. The latter, therefore, must evidently mean an agent in fact, and not one implied by law, as in the mechanic's lien law. But in the section of the statute on which the argument is based contractors and subcontractors are not mentioned, and we therefore conclude that they are not included within the optional clause of that section.

11. If but one remedy is given by the statute as against the parties specially named therein, the reason of the statute would appear to be that, if judgment is obtained against the owner, master, agent, or consignee, execution thereof would be available against the boat, and therefore it should be deemed a waiver of a direct proceeding against the boat; but this would not be true of a judgment obtained against a contractor or subcontractor, because neither of such persons would have any property interest

in the boat subject to execution. We are satisfied, however, that a subcontractor is not precluded by the statute from having his lien upon the boat because he obtained a judgment against the original contractor, who is not an owner, master, agent, or consignee of the boat.

The judgment is, therefore, in all things reversed, and the cause remanded for a new trial, with directions to the lower court to sustain the demurrer.        REVERSED.