## KOLLOCK & CO. *v.* LEYDE.

(143 Pac. 621; 151 Pac. 733.)

**Appeal and Error—Stay of Proceedings—Counter Undertaking—"Suit upon a Contract."**

1. A suit to foreclose a mechanic's lien is not "a suit upon a contract," within Section 553, L. O. L., providing for the enforcement of a judgment or decree in such a suit, notwithstanding an appeal and undertaking for the stay of proceedings, upon the giving of a counter undertaking.

**Appeal and Error—Stay of Proceedings—Temporary Injunction.**

2. The Supreme Court has power to issue a temporary injunction to preserve the *status quo* of property pending an appeal.

ON THE MERITS.

**Mechanics' Liens—Actions—Evidence.**

3. In a suit to establish a mechanic's lien, evidence *held* to show that the laths furnished were of the proper quality.

Mechanics' Liens—Foreclosure—Evidence.

4. In a suit to foreclose a mechanic's lien, evidence *held* to show that the plaster furnished was of proper quality.

Mechanics' Liens—Foreclosure—Quality.

5. In a suit to foreclose a mechanic's lien for materials ordered by a carpenter, evidence *held* to show that the owners authorized the orders.

Mechanics' Liens—Foreclosure—Description.

6. Where householders owned several adjoining lots, a lien statement which correctly gave the number of the house and the description of the block and street is sufficient, under section 7420, L. O. L., though the lot number given was not the lot on which the house was located, for the description would be sufficient, if the lot number was disregarded as surplusage.

[As to when mechanic's lien may include property in addition to that upon which work was performed, see note in 65 Am. St. Rep. 165.]

Mechanics' Liens—Foreclosure—Burden of Proof.

7. One seeking to foreclose a mechanic's lien is not bound to show that the materials went into the building; but defendants, desirous of showing that the materials were not used, have the burden of proving that fact.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 2.  Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by L. R. Kollock & Company, a corporation, against E. C. Leyde, E. A. Pearson and Hilma Pearson, husband and wife, F. J. Berger and Albert Berger, copartners doing business as Williams Avenue Planing Mill, and Jacob Stern, wherein plaintiff sued to foreclose certain mechanics' liens upon a building and lot in Portland, and on the trial had a decree of foreclosure and order of sale. Defendants appealed, and filed the stay bond provided by Section 551, subdivision 4, L. O. L. Whereupon plaintiff filed the counter undertaking required by Section 553, L. O. L., and caused execution to issue, and the property was advertised for sale. Defendant applies for an order of this court enjoining such sale pending the appeal.                                      ALLOWED.

For appellants there was a brief and an oral argument by *Mr. William P. Lord.*

For respondent, Williams Avenue Planing Mill, there was a brief over the names of *Mr. Arthur H. Lewis* and *Messrs. Kollock & Zollinger,* with an oral argument by *Mr. Lewis.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. There is only one question arising upon this application. The section last cited provides that a counter bond may be given in case the judgment or decree appealed from be in "an action or suit upon a contract," and the judgment enforced notwithstanding the appeal. We are of the opinion that a suit to foreclose a mechanic's lien is not a suit upon a contract, but rather a suit to enforce a claim arising by operation of law: Boisot on Mechanics' Liens, § 5; *Benbow* v. *The James Johns,* 56 Or. 554, 560 (108 Pac. 634); *Miner* v. *Moore,* 53 Tex. 224, 228; *Davis etc. Co.* v. *Vice et al.,* 15 Ind. App. 117, 119 (43 N. E. 889).

2. It is settled by the case of *Livesley* v. *Krebs Hop Co.,* 57 Or. 352 (97 Pac. 718, 107 Pac. 460, 112 Pac. 1), that this court has the power to issue a temporary injunction to preserve the *status quo* of property pending an appeal.

The temporary injunction heretofore issued will therefore be continued in force until this cause is finally heard and determined upon appeal.

APPLICATION FOR INJUNCTION ALLOWED.

MR. JUSTICE EAKIN, MR. JUSTICE MCNARY and MR. JUSTICE BEAN concur.

. Argued September 17, affirmed September 28, rehearing denied October 19, 1915.

ON THE MERITS.

(151 Pac. 733.)

Department 2.    Statement by MR. JUSTICE HARRIS.

The defendants E. A. Pearson and Hilma Pearson are husband and wife, and own lots 26, 27 and 28 in block 2, Second Electric Addition, in the City of Portland.    The house in which they lived is No. 385 East Fifty-First Street, and is located on lot 27.    L. R. Kollock & Co. is a corporation, and is engaged in selling building material.    The defendants F. J. Berger and Albert Berger are partners doing business under the firm name of Williams Avenue Planing Mill Company.    The Pearsons remodeled their house.    Kollock & Co. and the Williams Avenue Planing Mill Company furnished materials for the house, and afterward filed liens to secure the value of the materials supplied. This suit was commenced by Kollock & Co. and resulted in a decree foreclosing the two liens mentioned. E. A. Pearson and Hilma Pearson appealed.

AFFIRMED.    REHEARING DENIED.

For appellants there was a brief over the names of *Mr. A. W. Lafferty, Messrs. Powers & Lord* and *Mr. Frank C. Hanley,* with an oral argument by *Mr. Lafferty.*

For respondent there was a brief over the names of *Messrs. Kollock & Zollinger* and *Messrs. Lewis & Lewis,* with oral arguments by *Mr. Arthur H. Lewis* and *Mr. John K. Kollock.*

MR. JUSTICE HARRIS delivered the opinion of the court.

3. The owners of the building admit that Kollock & Co. delivered building material, consisting of laths, plaster, cement and sand; but the Pearsons claim that they have been damaged in the sum of $200 because the laths were pitchy, causing the walls to become discolored, and that the plaster does not hold to the walls, because it was dead, or warehouse set, when delivered. The laths were delivered in the original packages just as they came from the mill, and were of the quality known to the trade as "clear A." Pearson removed a portion of the laths because he thought some were pitchy and others were not placed far enough apart, and yet he ordered the ones removed to be replaced with the laths of which he now complains. He was living in the house, where he could see the material as it was delivered and as it was placed in the building. The trial court was warranted in holding that the laths were suitable for the purpose for which they were used, especially in the light of the testimony of W. N. Shipley, who did the lathing, and who declared that the material was the same kind as is ordinarily used, and that it was of a very fair quality.

4. The testimony shows that the plaster was manufactured to fill specific orders; that the plaster in question was not made before July 20, 1913; that it arrived in Portland, and went into the warehouse on July 24th, where it remained for about two weeks, when delivery was made to the Pearsons. No valid objection can be made to the kind of material used, because plaster of the same brand has been successfully used in the Northwestern Bank, Morgan, Platt and Jefferson School and other large buildings. A careful reading

of the transcript of testimony leads to the conclusion that the Pearsons themselves were at fault because too much sand was mixed with the plaster. The plaintiff is entitled to a decree foreclosing its lien.

5. The claim made by the Williams Avenue Planing Mill Company is assailed on the following grounds: (1) The person ordering the material was without authority; (2) the materials furnished are not itemized or described in the lien; (3) the land upon which the house is located is erroneously described in the lien; and (4) all the material was not used. E. Lindquist is a carpenter, and was in charge of the work from June until some time in October. The owners admit that Lindquist had authority to order a part of the materials. Lindquist testified that he had charge of the building, and that he ordered all the material purchased from the planing-mill, because the Pearsons told him to do so. Martin Johnson, a carpenter, worked on the house in August, September and October, and he swore that:

"Mr. Pearson told Mr. Lindquist to order all the material that was needed on the job, and then Mrs. Pearson said that my husband is busy, and he will not have time to attend to the orders, so that we will have to leave it to you entirely to do all the ordering for this entire job."

Mrs. Pearson receipted for most of the disputed materials as the deliveries were made, and the receipts signed by her informed her of the kind and amount of material and that the Williams Avenue Planing Mill Company was making the deliveries. Lindquist had sufficient authority to bind the owners.

6. The lien contained a true statement of the demand, within the meaning of Section 7420, L. O. L., as interpreted by *St. Johns Lumber Co.* v. *Pritz,* 75 Or.

286 (146 Pac. 483), and *Oregon Lumber & Fuel Co.*
v. *Hall,* 76 Or. 138 (148 Pac. 62), and therefore the
second objection made by the owners is without merit.
The lien describes the building and land thus:

"That the building to which claimants furnished
and delivered said material is a two (2) story frame
dwelling-house, No. 385 East Fifty-First Street, con-
structed upon lot twenty-six (26), block two (2), Sec-
ond Electric Addition, now in the City of Portland,
County of Multnomah, State of Oregon."

The building is not located on lot 26, but is on lot
27, although the Pearsons are the owners of lots 26,
27 and 28. Nothing but a small chicken-coop was on
lot 26. The number of the house is correct, but the
description of the lot is incorrect. The block and ad-
dition are correctly stated, but the description of the
lot, as given in the notice, does not correspond with
the designation of the house. If, however, the incorrect
description of the lot is rejected, a sufficient descrip-
tion remains to identify the thing intended to be de-
scribed, because there is enough in the description to
enable a party familiar with the locality to identify
the premises intended to be described with reasonable
certainty: 27 Cyc. 201. The controversy is between
the owners and the materialmen, and is unembarrassed
by any claims of third persons or innocent purchasers.
Measured by the standard fixed in the parallel case of
*Harrisburg Lbr. Co. v. Washburn,* 29 Or. 150 (44 Pac.
390), the description of the property is sufficient to
support the lien.

7. It is contended that all the material delivered
was not used. It appears that some lumber was also
purchased from another person, and is referred to as
the Henderson lumber. There was no attempt to as-
certain, or even approximate, the amount of material

not used, and no effort was made to show whether all or a part of the lumber not used had been purchased from Henderson, or had been delivered by the Williams Avenue Planing Mill Company. The answer failed to allege that any portion of the material had not been used, and the Pearsons have not even made it possible to approximate the quantity of material not used. A materialman has a right to file his claim for the full amount supplied, which it must be presumed was used in the building: *Grants Pass Trust Co.* v. *Enterprise Min. Co.*, 58 Or. 174 (113 Pac. 859, 34 L. R. A. (N. S.) 395). As said by Mr. Chief Justice MOORE in *Fitch* v. *Howitt*, 32 Or. 396 (52 Pac. 192):

"It cannot be expected that a materialman would be obliged to watch the progress of a structure, to see that every stick of timber or other material so supplied by him was used therein; and, if the owner would defeat a foreclosure of the lien for the amount demanded, the burden should be cast upon him to allege and prove that some of the material, if the accurate amount thereof was capable of computation in advance, or, if not, that an unreasonable quantity thereof, remained unused after the building was fully completed, or that, without his consent, it had been removed from the building site."

The decree of the Circuit Court is affirmed.

                    AFFIRMED.   REHEARING DENIED.


MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.