Motion to enjoin execution denied September 28, 1915.
Argued on the merits May 22, affirmed June 19, rehearing denied July 17, 1917.

# ROGUE RIVER FRUIT & PRODUCE ASSN. *v.* GILLEN-CHAMBERS CO.

## (151 Pac. 728; 165 Pac. 679.)

### ON MOTION FOR INJUNCTION.

**Appeal and Error—Stay of Proceedings—Counter Undertaking—"Suit on a Contract."**

1. An action for damages for breach of a contract is a suit on a contract, within Section 553, L. O. L., providing for the enforcement of judgments in such suits, notwithstanding an appeal and an undertaking for stay of proceedings upon the giving of a counter undertaking.

### ON THE MERITS.

**Contracts—Construction—Arbitration.**

2. A construction contract reserving to the owner's engineer the right to inspect the building does not make him the arbiter of compliance with specifications so as to render his acceptance or failure to object binding upon the owner.

   [As to conclusiveness of architect's or engineer's certificate, see note in 56 Am. St. Rep. 314.]

**Contracts—Breach—Waiver.**

3. To constitute acceptance of a building or approval of the work and material a waiver or estoppel, it must appear that the owner knew of the defects which he afterward complained of, since waiver cannot be imputed in the absence of knowledge.

**Contracts—Breach—Waiver—Instructions.**

4. In building owner's action against the contractor for damages for defective work, a requested instruction that approval of the building bound the plaintiff after his examination was properly refused as omitting plaintiff's knowledge of the defects, since mere examination does not always impute knowledge especially of latent defects.

**Appeal and Error—Scope of Review—Requests for Instructions.**

5. In the absence of request for a proper instruction upon a proposition at issue, it will not be considered on appeal.

**Contracts—Breach—Estoppel.**

6. Mere inspection of work by the building owner or its agents does not so conclusively estop it as to prevent its recovering damages for hidden defects of construction or amount to a waiver of faults discovered after the completion of the work.

85 Or.—8

## ON PETITION FOR REHEARING.

**Trial—Instructions—Questions of Law and of Fact.**

7. The requested instruction desired by defendant was properly refused on account of the matter set forth being a question of fact for the jury to pass upon, and where the petition fails to distinguish between questions of fact and questions of law, a rehearing will be denied.

From Jackson: Frank M. Calkins, Judge.

In Banc.   Statement by Mr. Justice Eakin.

This is an action by the Rogue River Fruit & Produce Association against the Gillen-Chambers Company upon a contract for the erection of a building.

The plaintiff alleged that by reason of the failure of the defendant to keep the terms of the contract it had been damaged in the sum of $2,000. On a trial it recovered judgment for $1,509.52. Defendant appealed, and gave a stay bond, as is provided by Section 551, subdivision 4, L. O. L. Within the time prescribed the plaintiff filed a counter-bond, as required by Section 553, L. O. L., and issued an execution to enforce the judgment notwithstanding the appeal. The defendant now moves this court for an order to enjoin any sale under this execution pending the appeal, upon the ground that this action is not within the purview of said Section 553.      Motion Denied.

*Messrs. Neff & Mealey,* for the motion.

*Mr. O. C. Boggs* and *Messrs. Beach, Simon & Nelson, contra.*

Mr. Justice Eakin delivered the opinion of the court.

1. The power of this court to issue an injunction in such a case, when the action is within the purview of Section 553, L. O. L., is upheld by this court in *Kollock & Co.* v. *Leyde,* 77 Or. 569 (143 Pac. 621) ; so

the only question to be considered is as to whether this is an action upon a contract. This it clearly is.

Counsel for defendant contends that the section refers only to a contract for the direct payment of money—for example, a promissory note, when the promisee admits liability for a specific amount—and that it was not intended to cover an action for damages, although the right to recover such damages arises upon a contract. No authority is cited for such construction, and we doubt if any exists. There is an abundance of decisions holding that such an action as the one at bar is an action upon a contract: See 1 Words and Phrases, p. 145.

The injunction is denied.                    Denied.

---

Affirmed June 19, 1917.

On the Merits.

(165 Pac. 679.)

Department 1.  Statement by Mr. Justice Burnett.

This is an action to recover damages for the faulty installation by the defendant of insulating material in the plaintiff's cold-storage warehouse at Medford, Oregon. It is admitted that the defendant signed specifications for the work including certain requirements for furnishing and putting in place on the walls and ceilings cork board in two thicknesses and containing also the following:

"Guarantee:

"Contractor will guarantee that the transmission of British Thermal Units per square foot per degree Fahrenheit difference in temperature for twenty-four hours, in the insulation herein specified shall not exceed four British Thermal Units, and that same will

not exceed that of any other insulation including Union Fiber Company's Lithboard.

"All material and workmanship in connection with the installation of the insulation as above specified shall be guaranteed first class in every respect, and be subject to the inspection of the Rogue River Fruit & Produce Association's representative and the Supervising Engineer, at any and all times during the construction or installation of the work."

It is stated by the plaintiff that the defendant entered upon the work described and afterwards represented to the plaintiff that it had fully completed the same on its part in accordance with the contract. It is conceded by the defendant that it represented to the plaintiff that it had performed the contract as modified by the latter. The complaint avers:

"That it was impossible from an inspection of said work so completed to detect that the same had not been properly done in accordance with said contract and specifications and that thereupon plaintiff, not knowing the contrary thereof, and without any neglect on its part, assumed that said contract had been fully and properly performed by said defendant * * and paid to said defendant said sum of $7,200.00 in full performance of said contract on its part and entered into the possession and use of said warehouse as so insulated by defendant."

The specifications required that on the walls the insulation of cork board should be double in thickness

"set in cement plaster or hot asphaltum or pitch, breaking joints with second layer and after cork has been set in place plaster same with two coats of best cement plaster floated to a smooth surface."

The ceiling was to be insulated by placing two layers of cork board on the ceiling, nailing the first to the joists, dipping the edges in hot asphaltum or wiping the same with cement plaster as applied. The

second layer was to be dipped in hot asphaltum or set in cement plaster using wooden skewers driven in at an angle sufficient to hold the board in place until the plaster or pitch had set. The complaint charges that the defendant failed to secure the first layer to the wall in any manner; that it also did not fasten the second layer on the walls and ceiling in any way, or break the joints, and in several other respects did not perform its agreement, with the result that the insulation was faulty and defective and that in many cases the cork material fell away from the ceilings and side walls and cracked so as to make it poor and insufficient for the purpose designed by the contract; and, lastly, that the transmission of heat through the insulation in British Thermal Units per square foot per degree of temperature for twenty-four hours greatly exceeded the ratio prescribed by the contract. The plaintiff alleges damages amounting to $2,000 on account of the alleged shortcomings of the defendant.

The answer admits the payment to the defendant of the contract price of $7,200, except that the plaintiff retained $1,700 thereof until three months subsequent to the completion of the project when, as defendant alleges, the balance was paid after a full and careful examination of the job by plaintiff's engineer, final acceptance of its work by the plaintiff, and determination by inspection and test that the transmission of heat would not exceed the limit specified in the stipulation. The imputations of defective and unworkmanlike manner of performing the contract are denied by the answer. It is charged by that pleading also that the construction of the building and the putting in of the insulation was at all times under the direction and control of the plaintiff's engineer; that the work was done in accordance with the agreement "except where

variances were necessitated by change of plans of the plaintiff and its engineer with reference to the construction of the building." It is further stated by the defendant "that the method of setting cork board to the walls which was deemed by the defendant most advisable was not permitted by the plaintiff, and defendant was required by the plaintiff to set the cork board to the walls with hot pitch and nails instead of cement plaster"; and generally the answer alleges that the work was done according to contract at all times under the supervision of the plaintiff and its engineers and employees. The defendant also avers a counterclaim against the plaintiff for material sold and delivered to it which is admitted by the reply. Otherwise that pleading traverses the allegations of the answer. The jury returned a verdict for the plaintiff and from the ensuing judgment the defendant appeals.                                    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Beach, Simon & Nelson* and *Mr. O. C. Boggs,* with an oral argument by *Mr. Boggs.*

For respondent there was a brief over the name of *Messrs. Neff & Mealey,* with an oral argument by *Mr. Porter J. Neff.*

MR. JUSTICE BURNETT delivered the opinion of the court.

2. The first point urged in the brief of the defendant is that

"where construction work is made subject to the inspection of an architect, or engineer, representing the owner, and the architect approves the work and material, issues his certificate thereon, and the same is

accepted by the owner, the acceptance is binding, in the absence of fraud pleaded and proved.''

The precedents cited to support this contention are where the architect is made the arbiter between the parties as to the fitness of material and manner of doing the required work and his decision is made final on those subjects. The result of such a stipulation is to create a tribunal for the occasion whose determinations are agreed to be conclusive. In this instance, according to the quoted specifications, no such authority is vested in the architect or other person who has charge of the work on behalf of the plaintiff. It is said that the work shall be subject to the inspection of the plaintiff's representative which means only that he shall have an opportunity to see the work while it is being performed. It is nothing more than what would be understood in the absence of any express statement on the subject. It is a general rule that a party hiring work done or materials furnished has a right to inspect the same before paying the purchase price to see if they comply with the contract. That is all that can be derived from the stipulation concerning inspection in the present instance.

What then is the effect of the acceptance of the work? It must be remembered that the plaintiff was the owner of the building. It was attached to the realty. The materials furnished by the defendant were incorporated as part of the structure. We note, also, the allegation of the complaint to the effect that it was impossible from an inspection of the completed work to detect that it had not been installed properly. Speaking on this topic in *Steltz* v. *Armory Co.,* 15 Idaho, 551 (99 Pac. 98, 20 L. R. A. (N. S.) 872), Mr. Chief Justice Ailshie says:

"On the other hand, the mere fact of entering into possession with knowledge of this defect is not sufficient to defeat the owner's right of action for breach of the contract as to the quality of material used, of the class and character of workmanship put on the building, unless an express waiver is shown, or such other facts as would amount to a waiver. The owner always has the general possession of the property, and the contractor's possession is only a special and limited possession for the purpose of doing the work for which he has contracted. It often becomes necessary and essential for the owner to take possession of a building or structure, although not completed or imperfectly and defectively constructed, in order to protect himself from still further and greater damages. The fact of such possession should not be a bar to his right of recovery for breach of the contract (citing authorities). Knowledge in a general way of a latent defect of which the owner had no means of knowing its extent and latent dangers will not amount to a waiver of the right of action for a breach of the contract, in the absence of other facts tending to disclose an intent to waive the right of action."

3. In order that the acceptance of the building or the approval of the work and material shall amount to a waiver or an estoppel it must appear that the one to be estopped or affected by the waiver knew of the defects of which he afterwards complained, because no waiver can be imputed to one who does not know what he is said to have waived. Of course his knowledge may be proved by direct testimony or by circumstantial evidence. But in the absence of a stipulation making the decision of the architect final with authority, we cannot say as a matter of law that the acceptance of the work is conclusively binding upon the owner beyond all right to recover for defects subsequently discovered. We can readily understand how the cork board might be attached to the walls by means

of a slight application of pitch or asphaltum so as to remain temporarily in place and present an outward appearance of a substantial job and afterwards become detached from the ceiling and walls and be practically worthless. To bar the plaintiff from recovering damages under such circumstances would not accord with fair dealing there being no showing that it knew the manner in which it was being installed and directly approved the same. Whether the plaintiff knew and with that knowledge adopted the manner of doing the work was a question of fact for the jury which has been decided against the defendant.

The principal error assigned by the defendant is predicated upon the refusal of the following instruction:

"The court instructs the jury as a matter of law that where part of a building being constructed under contract has passed under the inspection of the owner and the architect or his superintendent, and was approved by them in good faith, expressly or by implication, by failure to promptly object thereto, that part which has been so approved is not open to objection by them afterwards, this applies to the entire building if it has been so approved or to the work of a subcontractor so approved. The owners and the architects or his superintendent's objection should have been promptly exercised."

4. This charge is not by the mark in that it omits the element of knowledge on the part of the plaintiff of the particular defect in the installation of the materials. It is true it mentions the inspection of the owner and his representatives; but mere examination does not always impute knowledge, especially of latent defects.

The only remaining contention presented in the brief for the defendant is this:

"A guaranty provision incorporated in a building contract, the terms of which contract require the compliance by a builder with detailed specifications provided by the owner, may be availed of only in the event of default on the part of the builder in observing the requirement of the specifications. Such a guaranty will not be construed as a warranty that the specifications to which the builder is required to conform and from which he cannot deviate, will produce any certain result."

5, 6. Conceding this to be a correct statement of the law, yet there was no request thus to instruct the jury so far as the bill of exceptions discloses. We remember also that the action is predicated upon the allegation of careless and unworkmanlike performance of the contract on the part of the defendant and the charge of the complaint is that the resulting damage flowed from the shortcomings of the defendant and unnecessarily from a breach of its guaranty. It may be conceded that where there is no express guaranty of results, a contractor will escape being mulcted in damages if he faithfully complies with the specifications of his contract as to the workmanship and materials. It is also equally true that it is competent for a contractor to adopt plans and specifications submitted in an offer to him and thereupon to guarantee that the desired result will follow the installation of work thus outlined. For want, however, of apt requests to instruct the jury on this subject and considering that the issue was joined on alleged failures of the defendant to perform its contract in manner and form as stipulated, the question about the effect of the guarantee in this instance properly may be dismissed without further consideration. In brief, the mere inspection of work by the plaintiff or its agents does not so conclusively estop it as to prevent it from recovering damages for hidden

defects of construction or amount to a waiver of faults discovered after the completion of the work as the complaint charges. As against the contentions urged in the defendant's brief we conclude that the case was fairly submitted to the jury and that the verdict and ensuing judgment are conclusive upon us. The decision of the Circuit Court is affirmed.     AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

---

Denied July 17, 1917.

PETITION FOR REHEARING.

(165 Pac. 1183.)

On petition for rehearing. Rehearing denied.

*Mr. O. C. Boggs* and *Messrs. Beach, Simon & Nelson,* for the petition.

*Messrs. Neff & Mealey, contra.*

Department 1. MR. JUSTICE BURNETT delivered the opinion of the court.

In a petition for rehearing counsel for defendant press upon our attention the following extract from *Pippy* v. *Winslow,* 62 Or. 219, 223 (125 Pac. 298):

"Under the circumstances of this case, that part of the building which passed under the inspection of Mr. Winslow, the owner, and Mr. Tobey, the architect, and was approved by them in good faith, expressly or by implication, was not open to objection by them afterwards, and plaintiffs may recover therefor"—citing authorities.

That was a suit to foreclose a mechanic's lien. On the hearing in this court we were called upon to decide

questions of fact as well as of law. We considered, as stated, "the circumstances of the case," and in the excerpt quoted determined an issue of fact and not a question of law. The instruction desired by the defendant in the instant case and the refusal of which was assigned as error demanded that the court charge the jury as a legal conclusion that the inspection of the building foreclosed the plaintiffs from ever thereafter objecting to the work thus approved. The cases relied upon to support this doctrine were where the architect was made the final arbiter as to the excellence of the work and compliance with the contract. The stipulation gave him jurisdiction to hear and determine disputes of that character and made his adjudication final. There is no such situation in the case at hand. However much we may believe that a man experienced as the superintendent of the plaintiff may have been, actually knew the quality of the work done by the defendant, yet that was a question of fact for the jury and we cannot say as a matter of law that he did know or that the plaintiff is bound by his knowledge. The petition fails to distinguish issues of fact and questions of law, and, hence, must be denied.

REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.