FRED. W. MINER v. MOORE & OWNBY.

*(Case No. 3585.)*

MECHANIC'S LIEN — HOMESTEAD. — Under the provisions of the act of November 17, 1871 [Pasch. Dig., art. 7112], the husband alone, as the head of the family, could, in a proper case, in a *bona fide* transaction, where there was no intention to defraud the wife, so contract for material and labor to improve the homestead, not the separate property of the wife, as to make the claim therefor the basis to fix and secure the mechanic's lien on the homestead.[1]

APPEAL from Lamar.   Tried below before the Hon. R. R. Gaines.

Suit by appellees, Moore & Ownby, against Fred. W. Miner, on the following instrument of writing, to wit:

"$625.56.                         PARIS, Texas, June 1, 1874.

"Three months after date, I promise to pay Moore & Ownby the sum of six hundred and twenty-five and 56-100 dollars with interest at the rate of eighteen per cent. per annum, from date until paid.   The same being in payment for material and work expended upon the same furnished by said Moore & Ownby to me, and by me used in repairing and improving the

---

[1] See art. XVI, sec. 50, constitution of 1876.

house and lot in the city of Paris, in and upon which I now live.    Bounded on the south by Burnett street, on the west by Rusk street, on the north by Pine Bluff street, and on the east by the lots, I. T. Gaines, —— Evans and Dr. J. B. Ryan.    It is further agreed and understood by me, that this shall be a mechanic's lien upon said house and lot; the better to secure said Moore & Ownby in the payment of the above specified amount, to be duly recorded in the clerk's office of Lamar county, Texas, under the law regulating mechanic's lien.

" Given under my hand the day and date above written.

" (Signed)                                        FRED. W. MINER."

The contract was recorded as required by the statute, and the materials were furnished at the date of the contract.

The facts showed that the premises specified were at the time the instrument was executed, and had been for many years, the homestead of Fred. W. Miner and his wife.

By an amended answer, defendant alleged that his wife had never consented to the creation of the lien, and prayed for the protection of the homestead from forced sale.

Judgment for Moore & Ownby enforcing the lien.

*W. B. Wright* for appellant.

I. The first proposition we respectfully submit to the court is, that the instrument of writing upon its face shows that it was executed after the work and materials were furnished, and is therefore not a compliance with the law.  Tinsley *v.* Boykin, 46 Tex., 592.  Mr. Phillips, in his valuable work on mechanics' lien, says:  "But if the statute is not complied with, and the property becomes the homestead, no lien is obtained, though the party subsequently obtains a judgment.   So the purchaser of materials to be used in the erection or repairs of a house on land claimed and occupied as a homestead, cannot be considered as a waiver of a homestead right.   Nor can the claim be considered as a part of the purchase money."   See Phillips on Mechanics' Liens, 260, latter part of sec. 183.

II. Section 15, art. 12 of the constitution of 1869, see vol.

15

2, Pasch. Dig., 1124 (and in fact the provisions of all the constitutions that have ever obtained in the state of Texas), vested an absolute right in the homestead in the wife, to such an extent as not to allow the husband to sell without the consent of the wife, which consent must be given by proving acknowledgment before an officer. (See vol. 1, Pasch. Dig., p. 271, art. 1003.) This is the act of the 30th of April, 1846, and was in force at the time of the passage of the mechanic's lien act, which took effect November 17, 1871. (See vol. 2, Pasch. Dig., p. 1456, art. 112.) Now what does the fourth section of said act of 1871 say? When it comes to give a mechanic's lien upon the homestead, it says: "Which lien upon the homestead shall be secured as provided in other cases, and enforced as provided in the foregoing sections of this act." Thus the court will see that the act in this regard submits two distinct questions. First, to secure the lien as in "other cases," and second, after it is secured as in other cases, then to be enforced according to the foregoing sections of this act. How secured as in other cases? Why simply by the wife signing the instrument and acknowledging it according to the act of April 30, 1846, and when so secured, to be enforced as provided in the foregoing sections of the mechanic's lien act of November 17, 1871. If the legislature had intended that the husband should have the right to give the lien, then it would have been a conveyance, and violated sec. 15, art. 12 of the constitution. But from the language and clear and manifest intent of the act, the legislature intended, as in "other cases," to simply mean that the wife should join in the lien and her consent be given, according to law; that is, by privy acknowledgment. Because the homestead vested in the wife required her consent to so encumber it; if not, a husband could, by a species of extravagance in building a house beyond his means, so completely absorb the homestead as to leave nothing, and thereby do indirectly that which he could not do directly. It is a fundamental principle of construction that all homestead laws should be construed favorably to the beneficiaries, and thus

taking the constitution and all the laws bearing upon this case, we think that the judge erred in rendering a judgment in favor of the plaintiffs in this case, and we therefore request the court to review said judgment and render such judgment in this court as should have been rendered in the court below.

*Hale & Scott* for appellees.

I. Under the constitution of 1869 (art. 12, sec. 15), and sec. 4 of the act of the legislature of November 17, 1871, the homestead was subject to sale for the enforcement of a mechanic's lien, under a contract with the husband, without the wife being a party to the contract, and acknowledging it, as the law requires in cases of the conveyance of the homestead by the wife. Const. 1869, art. 12, sec. 15; Act of Legislature, November 17, 1871, sec. 4; Pope *v.* Graham, 44 Tex., 196; Potshimsky *v.* Krempkan, 26 Tex., 307.

II. In order to the enforcement of a mechanic's lien on a homestead, the law did not require the court to hear evidence of its value, or proof that was susceptible of division in every case. The contract makes no provision for ascertaining the value of the homestead, or that it is susceptible of division, or that only a portion of it should be sold to pay off the lien; neither is any such issue raised in pleadings of either of the parties.

III. The wife is not a necessary party to litigation involving any community property. The husband being her lawful agent for such purposes, she is concluded by the decree against her husband. Howard *v.* North, 5 Tex., and other recent decisions.

IV. The constitution of 1876 (art. 16, sec. 50), nor any portion thereof, has anything to do with this case, or the rights of the parties. The contract was executed, the work done, material furnished, and the suit brought prior to the date of the constitution of 1876.

BONNER, ASSOCIATE JUSTICE. — The evidence in this case shows, that on June 1, 1874, appellees Moore & Ownby fur-

nished appellant Miner material and labor expended thereupon, of the agreed value of $625.56, to be used by Miner in repairing and improving his homestead house and lot, the same being community property, and he being a married man and the head of a family.

Judgment was rendered for Moore & Ownby, and enforcing the mechanic's lien.

Under the evidence, the question in the case is this:

Did Miner, without being joined by his wife, under the act of November 17, 1871, to provide for and regulate mechanics', contractors', builders' and other liens (Pasch. Dig., art. 7112), have the power to so contract for material and labor to repair and improve the homestead as to subject the same to such lien?

Our mechanic's lien, as it is commonly called, is created by law and not by contract, except so far as the contract may furnish the basis to fix and secure the lien by the subsequent act of the party interested, by filing record and notice under the provisions of the statute. Although Miner, by the express terms of the contract here sued upon, attempted to create the mechanic's lien, yet this part of the contract may be considered as surplusage, as the lien must derive its vitality by virtue of a compliance with the statute, by Moore & Ownby, and not by the contract to that effect, by Miner.

In accordance with this view, it was held in Gaylord v. Loughridge, 50 Tex., 571, that in a case not embraced within the statute, the husband alone, without being joined by the wife, could not create a lien in the nature of a mechanic's lien upon the homestead.

That case, however, is quite different from the one now before the court, in this, that in this suit, both the party invoking the lien and the subject matter of it, are within the terms of the statute.

By section 4 of this act, the lien can, in a proper case, be created upon the homestead, which shall be secured and enforced as in other cases. Pasch. Dig., art. 7115.

There are good reasons of public policy which should prohibit the husband by improvident acts, from so encumbering an existing homestead as to subject it to forced sale without the consent of the wife, and thus permit that to be done indirectly which he could not ordinarily do directly, and this policy doubtless caused the restriction to be placed upon the exercise of such power by him alone, in art. XVI, sec. 50, constitution 1876.

No such restriction, however, was placed upon his power by the previous act of the legislature now under consideration, and we are of opinion that under the provisions of that act the husband alone, as the head of the family, could in a proper case, in a *bona fide* transaction, where there was no intention to defraud the wife, so contract for material and labor to improve the homestead, not the separate property of the wife, as to make the claim therefor the basis to fix and secure the mechanic's lien thereon. This was so indicated in the case of Tinsley v. Boykin, 46 Tex., 599.

ENGLISH                                              AFFIRMED.

[Opinion delivered April 16, 1880.]